Judge Roane
here called the attention of Mr. Williams to the words of the court in Burnley v. Lambert, 1 Wash. 312. that “ all the legatees must be made parties, that the charge may not fall upon one, but may be equally borne by the whole.”
The president pronounced the following as the opinion of the court:
“ The court, not deciding whether it was proper in decreeing the several proportions against the sons, in this case, to take into consideration the lands they severally received under the will of the testator, Henry Dennis, nor whether the answers of the several defendants, now appellees, are sufficiently explicit as to the proportions of the said estate they respectively received, (no objection being made by the appellees on either ground,)(1) approves the decree, except as is hereafter mentioned; but the court is further of opinion, that the said decree is erroneous in having decreed the sum of 19l. 3s. 6d. *329 against Nicholas Bourden and Jane his wife, who have not answered the bill of the appellants, and upon whom the conditional decree had hot been served ; and also in this, that the quota of debt and costs assessed on John L. D. Johnson and Sarah his wife, in and by the said decree, and who appear to be insolvent, is not made payable by the other appellees, in due and ratable pro*portions; therefore it is decreed and ordered that the same be reversed and annulled, and that the appellees pay to the appellant his costs by him expended in the prosecution of his appeal aforesaid here: and it is ordered that the cause be remanded to the said court of chancery for further proceedings to be had therein, agreeably to the principles of this decree ; reserving also to the appellant the right to resort to the other appellees for similar contribution for the quota which may be found due by Nicholas Bourden and wife, in the event of their not having received an adequate proportion of the testator’s estate, or being found insolvente”

 Note. See the General Rule, in the note to 1 Munford, 460.